PER CURIAM.
John Pittman challenges the denial of his motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a) in which he alleged that he did not receive the proper amount of credit for the time he spent in county jail prior to his being sentenced to Florida State Prison. Because the attachments to the trial court’s order do not conclusively refute one of appellant’s allegations regarding incorrect jail credit we reverse and remand for further proceedings on that particular allegation.
Appellant was initially placed on probation but violated his supervision on several occasions. Appellant’s motion claims that he is entitled to full credit for three separate stays in the county jail. There is, however, no discrepancy between appellant’s motion and the attachments regarding how much time appellant spent in jail on his third and final stay.
Appellant first claims that he was incarcerated in the county jail from January 8, 1995, until August 18, 1995. Both the jail booking sheet and the sheriffs certificate establish that appellant was incarcerated in the county jail on the charges in the present case from February 23, 1995, until August 18, 1995. Appellant was properly credited with this amount of time and we therefore affirm the trial court’s denial of this portion of appellant’s motion.
Appellant next claims that he is entitled to county jail credit from November 20, 1995, until May 31, 1996. Appellant was awarded credit from March 1, 1996, until May 30, 1996. The sheriffs certificate reflects that appellant was arrested on March 1, 1996, and released on May 30, 1996. Also included in the attachments to the trial court’s order is a capias return indicating that appellant was arrested in this case on March 1, 1996. However, there is a county jail booking sheet attached to the trial court’s order which indicates that appellant was booked into the county jail under the alias John Riggins on November 21, 1996. The booking sheet contains the trial court case number for the present case. It is unclear whether appellant was released from jail pri- or to the execution of the capias on March 1, 1996.
The attachments refute appellant’s claim that he is entitled to credit for the day of May 31, 1996. However, the attachments indicate that appellant may be entitled to credit from November 21, 1995, until March 1, 1996, or some portion thereof. We, therefore, remand this case to the trial court to reconsider this issue. Should the trial court again deny this portion of appellant’s motion it should attach those parts of the record which conclusively refute appellant’s claim. See Riddle v. State, 686 So.2d 16 (Fla. 2d DCA 1996); Becton v. State, 668 So.2d 1107 (Fla. 2d DCA 1996).
Affirmed in part, reversed in part, and remanded.
CAMPBELL, A.C.J., and PATTERSON and WHATLEY, JJ., concur.